IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO AVILA,

    Petitioner,                       No. CIV S-10-2857 WBS EFB P

    vs.

ANTHONY HEDGPETH,

    Respondent.                   <u>ORDER</u>

                                 /

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On April 13, 2011, an inmate who claims to be assisting petitioner with this action, Demetrius Wright, filed a motion to amend the petition, together with a proposed amended petition containing new, unexhausted claims, and asked that this court stay this action while petitioner exhausts his new claims in state court. *See* Dckt. No. 19. Petitioner did not sign this pleading. Nor did petitioner sign the proposed amended petition.

On June 6, 2011, an individual who claims to be petitioner's brother, Terry Avila, filed a "motion for next friend standing." *See* Dckt. No. 25. Terry Avila asks that he be allowed to submit legal filings on petitioner's behalf.

For the following reasons, the court strikes the motion to amend and denies Terry Avila's motion for next friend standing.

1

**I.     Motion for Leave to Amend and For Stay and Abeyance**

As noted above, an inmate who claims to be assisting petitioner, Demetrius Wright,[1] filed a motion for leave to amend petitioner's habeas petition, together with a proposed amended petition, and requested that this court stay and abey this action while petitioner exhausts the new claims in his proposed amended petition in state court. *See* Dckt. 19.

This court cannot grant Mr. Wright's motion to amend because Mr. Wright is not an attorney and cannot sign pleadings for petitioner. While it is permissible for petitioner to receive assistance from another inmate,[2] petitioner must personally sign any motion before filing it with the court. *See* Fed. R. Civ. P. 11(a); E.D. Cal Local Rule 131(b). Petitioner did not sign this motion or the proposed amended petition.

While petitioner has submitted a declaration to the court attesting that Mr. Wright is his inmate assistant, petitioner has not specifically endorsed the motion to amend or the proposed amended petition. *See* Dckt. No. 29. Indeed, there is no indication on the docket that petitioner has even seen these documents. Therefore, the motion to amend must be stricken. *See* Fed. R. Civ. P. 11(a).

As for Mr. Wright's request that this court stay and abey this action while petitioner exhausts his claims in state court, because petitioner has not signed this request, the court cannot consider it. *See* Dckt. No. 19; *See* Fed. R. Civ. P. 11(a); E.D. Cal Local Rule 131(b). However, the court notes that the California Supreme Court recently denied petitioner's habeas petition.

---

[1] In petitioner's July 20, 2011 declaration, petitioner refers to Demetrius Ahmed Wright as his "inmate assistant." Dckt. No. 29 at 1. Petitioner also gives "full permission and consent for [Mr. Wright] and [Terry Avila]" to prepare and file pleadings and paperwork on petitioner's behalf. *Id.* Petitioner specifically assented to the June 3, 2011 traverse filed by Mr. Wright, but did not specifically assent to any other pleadings, including the motion to amend and to stay and abey or the proposed amended petition at issue here. *Id.*

[2] *See Johnson v. Avery*, 393 U.S. 483 (1969); *see also* Cal. Code Regs. tit. 15, § 3163 (stating "[o]ne inmate may assist another in the preparation of legal documents, but shall not receive any form of compensation from the inmate assisted").

2

*See Avila (Julio) on H.C.*, No. S192050 (Cal. January 4, 2012).[3] It appears that petitioner's claims may now be exhausted, and even if the motion for a stay and abeyance were properly filed, it would most likely be denied as moot.

If petitioner wishes to file a motion to amend his petition together with a proposed amended petition including his newly exhausted claims, he is granted 30 days from the date of this order to do so. Petitioner is cautioned that he must comply with all federal and local rules. *See* Fed. R. Civ. P. 11(a); E.D. Cal Local Rule 131(b) (requiring the signature of the attorney or the party involved in propria persona on all pleadings and non-evidentiary documents); E.D. Cal Local Rule 220 (requiring amended pleading to be complete within itself); E.D. Cal Local Rule 137(c) (requiring proposed amended petition be attached as an exhibit to a motion to amend). The court will send him a copy of the motion to amend and the proposed amended petition that was prepared by Mr. Wright. If he wishes, petitioner can merely sign these documents and re-file them with the court (after deleting the request to stay the case).

If necessary, petitioner can ask for an extension of time to submit the motion to amend. If petitioner does not file a motion to amend within 30 days of the date of this order, this action will stand submitted for decision based upon the October 15, 2010 petition, respondent's answer, and the traverse petitioner specifically assented to in his July 20, 2011 declaration.

**II.     Motion for Next Friend Standing**

On June 6, 2011, Terry Avila, who declares he is petitioner's brother, filed a motion for next friend standing, asking that he be allowed to review, sign, and file with the court any motions or pleadings on the petitioner's behalf. *See* Dckt. No. 25 at 4.

In support of the motion for next friend standing, petitioner's brother declares "while my personal letters would reach [petitioner], he has repeatedly complained to me that the legal documents, referenced in my letters, were not given to him." Dckt. No. 25 at 4. Further,

---

[3] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980).

3

petitioner's brother declares petitioner does not have possession of any of his legal documents. Dckt. No. 25.

On July 20, 2011, petitioner filed a declaration stating that he "give[s] full permission and consent for . . . my brother 'Terry,' 'next friend to me' to prepare plus submit pleadings and paperwork for filing with the Court on my behalf." Dckt. No. 29 at 1. Petitioner attests that when he was transferred on January 6, 2011, his legal documents were left behind, and he currently does not have the documents. *Id.* at 2. He also attests that he has not been receiving documents that his brother has been sending him from Mr. Wright, which has made it "really difficult" to sign his pleadings. Dckt. No. 29.

Under appropriate circumstances, habeas petitions can "be brought by third parties, such as family members or agents, on behalf of a prisoner. This species of third-party habeas standing, known as next-friend standing, was examined at length by the Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990)." *Coalition of Clergy v. Bush*, 310 F.3d 1153, 1158 (9th Cir.2002). In *Whitmore*, the Supreme Court explained the requirements for next friend standing in habeas cases:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

495 U.S. at 163-64 (internal citations omitted).

Petitioner's placement in administrative segregation does not mean that he cannot appear on his own behalf in this action. All inmates, including inmates placed in administrative segregation, have a constitutional right of access to the courts and must be permitted to prosecute

4

1  their cases. *Bounds v. Smith*, 430 U.S. 817 (1977) (holding that "the fundamental constitutional
2  right of access to the courts requires prison authorities to assist inmates in the preparation and
3  filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate
4  assistance from persons trained in the law"). Although petitioner claims that he has had
5  difficulty signing the pleadings prepared for him by his inmate assistant, it appears that petitioner
6  is able to file documents on his own despite his placement in administrative segregation. Since
7  petitioner has been placed in administrative segregation, he has filed two requests for extensions
8  of time and a declaration, demonstrating that he is able to file documents with the court. *See*
9  Dckt. Nos. 20, 26, 29. As petitioner has access to the court, petitioner's brother cannot be
10 granted next friend status on petitioner's behalf. *See*, *e.g.*, *Donalson ex rel. Donalson v. Eason*,
11 2003 WL 21281656 at *3 (N.D. Tex. May 29 2003) (holding that an inmate's parents did not
12 have standing to file a petition as a next friend based on his placement in administrative
13 segregation, where he had been able to file other pleadings on his own); *Jordan v. U.S.*, 2010
14 WL 545919 at *1-2 (E.D. Ark. Feb. 8, 2010) (same); *Ramirez v. Delcore*, 2007 WL 508940 at
15 *1-2 (S.D. Tex. Feb. 13 2007) (same).

16     If petitioner is denied access to the law library or otherwise prevented from prosecuting
17 this case pro se in the future, he shall present this court order to any prison official hindering him.
18 Should he still be hindered in his efforts to prosecute this case, petitioner shall inform the court of
19 the name of the prison official hindering his efforts and the attendant circumstances.

20     Accordingly, IT IS HEREBY ORDERED:
21     1. Mr. Wright's April 13, 2011 motion for leave to amend and for issuance of stay and
22 abeyance is stricken. *See* Fed. R. Civ. P. 11(a).
23     2. The Clerk is directed to send petitioner a copy of docket entry 19, together with all
24 attachments.
25 ////
26 ////

1   3.  Within 30 days of the date of this order, petitioner may file a motion to amend his
2 petition, together with a proposed amended petition.  If petitioner does not do so, this matter will
3 stand submitted for decision.
4   4.  Terry Avila's June 6, 2011 motion for next friend standing is denied.
5 Dated: February 23, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE